FILED

June 7 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0522

DA 15-0522

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2016 MT 142N

IN RE THE MARRIAGE OF:

TIFFANY MAE DALGARNO,

      Petitioner and Appellant,

   v.

DONALD CRAIG DALGARNO,

      Respondent and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. DDR 08-417
Honorable Dirk M. Sandefur, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Tonja Schaff Kostelecky, Falcon, Lester & Schaff, P.C.; Great Falls,
Montana

      For Appellee:

            Jeffrey S. Ferguson, Jeffrey S. Ferguson Law Office, PLLC; Great Falls,
Montana

Submitted on Briefs:  May 4, 2016

Decided:  June 7, 2016

Filed:

                                Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Tiffany Dalgarno (Tiffany) appeals an order from the Eighth Judicial District Court, Cascade County, adopting the standing master's report that amended the parenting plan between Tiffany and Donald Craig Dalgarno (Craig). The parties were previously married, and have three minor children together. Tiffany argues that a sufficient change of circumstances to amend the parenting plan has not been demonstrated, and that the amended parenting plan is not in the children's best interest.

¶3 "Two standards of review are relevant in cases involving both a standing master and the district court: the standard the district court applies to the master's report and the standard we apply to the district court's decision. We review a district court's decision *de novo* to determine whether it applied the correct standard of review to a standing master's findings of fact and conclusions of law. A district court reviews a standing master's findings of fact for clear error, and its conclusions of law to determine if they are correct." *Davis v. Davis*, 2016 MT 52, ¶ 4, 382 Mont. 378, 367 P.3d 400 (internal quotation marks and citations omitted) (citing *In re Marriage of Kostelnik*, 2015 MT 283, ¶ 15, 381 Mont. 182, 357 P.3d 912; and *In re G.J.A.*, 2014 MT 215, ¶ 11, 376 Mont. 212, 331 P.3d 835).

2

¶4      Previous to the dissolution, the parties lived in Harlowton and the two oldest children were enrolled in school there. The marriage between the parties was dissolved on November 5, 2008, and the court approved an agreed-upon parenting plan at that time. Tiffany moved to Geraldine and entered the children in school there. Under the plan, the children resided primarily with Tiffany during the school year, and were with Craig for three weekends per month and during the summer. In April 2013, this arrangement was modified by a stipulation that designated which weekends the children were to stay with Craig.

¶5      Before the 2013-2014 academic year started, Tiffany moved from Geraldine back to Harlowton and enrolled the children in school there. The Master found that the children "did fairly well in school in Harlowton," although one child received additional help. The next spring, in March 2014, Tiffany again moved with the children, this time to Great Falls, and the children finished the remainder of the school year there. The Master found Tiffany's testimony that an immediate move to Great Falls was necessary to secure employment was not credible. Tiffany's employment with a bank in Great Falls was terminated during her probationary period.

¶6      In May 2014, Craig filed a Motion to Modify Parenting Plan and Child Support, and the Master conducted a hearing on the motion. The Master found that Tiffany and Craig both have a close and loving relationship with the children and that each is a fit and capable parent. The Master found that the children have close relationships with family and friends in both Harlowton and Great Falls, and that Tiffany's testimony that the children do not have friends in Harlowton was not credible. The Master found that the

3

parties do not communicate well, and that, while "neither Craig nor Tiffany are effective co-parents, Tiffany is particularly negative about Craig and about the time the children spend with him. Tiffany's attitude has cause[d] her to behave in a way that disrupts the relationship between the children and Craig."

¶7 Tiffany argues that there was no threshold change in circumstances necessary to amend the parenting plan. The Master reasoned that Tiffany had "demonstrated instability" and that she had "moved multiple times. These moves have required the minor children to attend three different schools in two academic years. Tiffany's inability to maintain a stable residence was not contemplated by the court or the parties when the *Agreed Parenting Plan* and *Stipulation and Order* were entered and approved. Craig has established that there is a change in circumstances . . . ." The District Court held that "to the extent that the finding of fact is that it was uncontemplated or unanticipated at the time of the stipulation that mother would move multiple times and thereby change the circumstances of the child, that finding of fact is supported by substantial credible evidence." It is a notable undercurrent of the case, as determined by the Master, that "Tiffany undermines Craig's contact with the children b[y] both undermining Craig himself and by undermining the children's time with Craig."

¶8 Addressing the factors to be considered in determining the children's best interests, the Master found Tiffany's testimony was not credible in several regards, the children were well adjusted in Harlowton, as in Great Falls, and Tiffany was seeking "to undermine the quality of the children's life in Harlowton." Even while noting that Tiffany had the constitutional right to travel for which she could not be penalized, and

4

that her moves were not presumed to be contrary to the children's best interest, the Master determined that Tiffany "has demonstrated a significant lack of stability" that "has resulted in disruption in the children's education." The Master also reasoned that "Tiffany's hostility toward the children's time with Craig is not in the children's best interest," which contrasted with Craig's cooperation in allowing Tiffany additional time with the children during summer periods when he had the children, which weighed in favor of an amendment to the parenting plan. The Master considered that the oldest child, S.L.D., expressed a preference for living with Tiffany. The District Court likewise noted S.L.D.'s wishes, but concluded that the Master's findings of fact were supported by substantial evidence and were not clearly erroneous, and affirmed the Master's conclusions of law.

¶9     As we have held, "A party seeking to modify a parenting plan pursuant to § 40-4-219, MCA, carries a heavy burden of proof [to show of a change in circumstances]." *In re D'Alton*, 2009 MT 184, ¶ 11, 351 Mont. 51, 209 P.3d 251 (internal quotations marks and brackets omitted) (citing *In re Marriage of Oehlke*, 2002 MT 79, ¶ 17, 309 Mont. 254, 46 P.3d 49). However, we also acknowledge that "a district court has 'broad discretion when considering the parenting of a child. Child custody cases often present the court with difficult decisions. We must presume that the court carefully considered the evidence and made the correct decision.'" *In re Whyte*, 2012 MT 45, ¶ 23, 364 Mont. 219, 272 P.3d 102 (internal quotation marks omitted) (citing *In re Parenting of N.S.*, 2011 MT 98, ¶ 18, 360 Mont. 288, 253 P.3d 863). This case indeed presented a difficult decision for the Master and the District Court, as the Master

5

acknowledged that both parents "have a close and loving relationship with the minor children. Each is a fit and capable parent who provides an appropriate home for the children." But the Master had to make a determination, and its findings and conclusions are supported by substantial evidence in the record.

¶10 We recently found no error in a case involving a district court's determination that a mother moving from one county to another was not a sufficient "change in circumstances that created an obligation to modify the Parenting Plan." *In re Parenting of C.M.R.*, 2016 MT 120, ¶ 19, ___ Mont. ___, ___ P.3d ___. However, this case is easily distinguishable; Tiffany moved not once, but three times since the original parenting plan was entered, disrupting the children's academic progress, and purposefully disrupting the children's relationship with Craig. A parent changing locations does not automatically demonstrate a change in circumstances for amendment of a parenting plan, but consideration of all the facts and circumstances here leads us to conclude that the determinations of the Master and the District Court were not in error.

¶11 Tiffany argues the District Court erred in affirming witness credibility determinations in several of the Master's findings that mentioned Tiffany negatively. The District Court essentially conducted an appellate review of the Master's order, for "[t]he findings of fact in a standing master's report must be reviewed by a district court for clear error, giving due deference to the broad discretion of the Master to assess the relative credibility of the witnesses and the weight of the evidence." *Patton v. Patton*, 2015 MT 7, ¶ 41, 378 Mont. 22, 340 P.3d 1242 (citations and quotation marks omitted). Although Tiffany's counsel stresses the exact wording of the testimony to argue for error,

6

the record overall is sufficient to support the Master's findings. As stated above, we have acknowledged that the factfinder is better equipped to make determinations as to witness credibility and to weigh evidence. *See Whyte*, ¶ 23. While Tiffany obviously disagrees with the result, the Master was tasked with a difficult decision, and had to make a ruling for one parent or the other. The District Court recognized this, and upon its review, noted, "This is not a trial de novo. This Court would err if it simply substituted its judgment for that of the Master."

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. We assign no error to either the Master or the District Court under the appropriate standards of review.

¶13 Affirmed.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA