DA 17-0041

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 249

IN RE THE PARENTING OF:

R.J.N. and H.E.N.,

     Minor Children.

CHELLIE NEWMAN,

     Petitioner and Appellant,

  and

WILLIAM H. NEWMAN,

     Respondent and Appellee.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DR-07-12C
Honorable John C. Brown, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

          Jeremy S. Yellin, Attorney at Law, Havre, Montana

     For Appellee:

          John P. Nesbitt, Jr., Attorney at Law, Bozeman, Montana

               Submitted on Briefs:  August 30, 2017

                           Decided:  October 10, 2017

Filed:

_____
                  Clerk

FILED

10/10/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0041

Justice Jim Rice delivered the Opinion of the Court.

¶1 Chellie Newman (Chellie) appeals the summary dismissal of her petition to modify the parenting plan for her two sons with William Newman (William), by the Eighteenth Judicial District Court, Gallatin County. We affirm, addressing the following issue:

*Did the District Court err by dismissing the petition to modify the parenting plan without conducting a hearing?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 Chellie and William were married in 1999 and had two children together, R.J.N. and H.E.N. The marriage was dissolved in 2007, and the parties' stipulated parenting plan was approved and ordered.

¶3 In 2011, Chellie gave notice of her intention to move to California, and proposed a parenting plan amendment that would substantially restrict William's time with the children. In response, William also moved to modify the parenting plan. The Standing Master conducted a hearing on the proposed modifications and, on January 10, 2013, entered findings of fact, conclusions of law and an order adopting an amended parenting plan that provided the children would spend a majority of their time with William. The Master concluded that a threshold change of circumstances necessitating a hearing had occurred because of Chellie's intention to relocate to California with the children, and her asserted "acts of parental alienation" against William. The Master found that Chellie had "engaged in various acts which are forms of parental alienation," including refusing to allow William to exercise his scheduled time with the children despite his repeated requests, and found that there was "strong evidence that Father's relationship with his

2

children has been severely damaged as a result of [Chellie's] proposed relocation to California with the children."

¶4 In February 2015, Chellie moved to modify the 2013 Amended Parenting Plan. Her motion stated "[t]he basis for this motion is that R.J.N. will be fifteen [15] years of age as of April, 2015, and H.E.N. is twelve [12] years of age, and both children desire a change from the children residing primarily with [William] to a new parenting plan where they reside primarily with [Chellie.]" Her supporting affidavit simply reiterated the children's ages and their desire to live primarily with Chellie. William moved to dismiss Chellie's motion, arguing that it failed to demonstrate changed circumstances necessary for a hearing to be conducted on modification of the parenting plan. The Master entered an order summarily denying Chellie's motion. Chellie filed objections, arguing the Master should have held an evidentiary hearing and conducted an *in camera* interview of the children. After briefing and a hearing in which argument was received, the District Court affirmed the order, reasoning that "Chellie failed to meet the threshold showing for a hearing, and the Standing Master correctly granted [William's] Motion to Dismiss. . . ." Chellie appeals.

## STANDARD OF REVIEW

¶5 When considering parenting plan modifications, we review conclusions of law for whether they are correct. *In re Marriage of Guffin*, 2010 MT 100, ¶ 20, 356 Mont. 218, 232 P.3d 888. Two standards of review are relevant in a case involving both a standing master and the district court: the standard the district court applies to the master's report and the standard we apply to the district court's decision. *In re Marriage of Davis*, 2016

3

MT 52, ¶ 4, 382 Mont. 378, 367 P.3d 400 (citing *In re Marriage of Kostelnik*, 2015 MT 283, ¶ 15, 381 Mont. 182, 357 P.3d 912). We review a district court's decision *de novo* to determine whether it applied the correct standard of review to a standing master's findings of fact and conclusions of law. *Kostelnik*, ¶ 15 (citing *In re Marriage of Patton*, 2015 MT 7, ¶ 17, 378 Mont. 22, 340 P.3d 1242). A district court reviews a standing master's findings of fact for clear error, *Patton*, ¶ 24, and its conclusions of law to determine if they are correct. *Patton*, ¶ 43.

## DISCUSSION

¶6 *Did the District Court err by dismissing the petition to modify the parenting plan without conducting a hearing?*

¶7 Chellie argues that because one of the children was fourteen years of age, and wished to reside primarily with her, these circumstances provided sufficient grounds to warrant a hearing on her proposed modification to the parenting plan. William responds that the Standing Master and District Court correctly concluded Chellie did not satisfy her burden under the statute to establish a change in circumstances necessary to justify a hearing on modification.

¶8 Section 40-4-219(1), MCA, provides the standards for modification of a parenting plan, requiring a change of circumstances to have occurred and a finding that an amendment is necessary to serve the best interest of the child:

> The court may in its discretion amend a prior parenting plan if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child.

4

As provided, these standards are to be satisfied "upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of the entry of the prior plan." Section 40-4-219(1), MCA.

¶9 Pursuant to § 40-4-220(1), MCA, the party seeking modification "must file a motion and supporting affidavit showing cause for modification." *In re Marriage of D'Alton*, 2009 MT 184, ¶ 9, 351 Mont. 51, 209 P.3d 251. Requests for parenting plan modifications "must satisfy an initial statutory threshold of changed circumstances." *In re Marriage of Whyte*, 2012 MT 45, ¶ 23, 364 Mont. 219, 272 P.3d 102; *D'Alton*, ¶ 9. A demonstration of changed circumstances is a "prerequisite" to amendment of a parenting plan, and "a district court may not modify an existing custody arrangement" without such a finding. *In re Marriage of Jacobsen*, 2006 MT 212, ¶ 17, 333 Mont. 323, 142 P.2d 859 (*citing In re Marriage of Oehlke*, 2002 MT 79, ¶ 12, 309 Mont. 254, 46 P.3d 49). The party seeking modification of a parenting plan "carries a heavy burden of proof." *D'Alton*, ¶ 11. Section 40-4-220(1), MCA, provides that a court "shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, based on the best interest of the child, in which case it shall set a date for hearing . . . ."

¶10 Here, Chellie argues the District Court erred in denying her request for a hearing. The District Court concluded that the assertions in Chellie's motion and affidavit about R.J.N.'s age and the children's desire to live primarily with her "do not constitute a sufficiently changed circumstance warranting a hearing under § 40-4-220(1), MCA." It cited our statement in *D'Alton* that "the mere aging of children so that they are now in

school could hardly be considered 'unknown to the court at the time of the entry of the prior plan' as required by § 40-4-219(1), MCA," *D'Alton*, ¶ 11, to conclude that "[t]he mere passage of time is not sufficient to establish a changed circumstance of the child."

¶11 We recognize that one of the statutory criteria in determining a child's best interest is whether "the child is 14 years of age or older and desires the amendment," which the District Court may discretionarily consider and weigh. Section 40-4-219(1)(c), MCA. While we have not adopted a blanket rule that the aging of a child, in conjunction with consideration of his or her desires, can never constitute a change in circumstances warranting a hearing on modification, we agree with the District Court's conclusion that such a change was not demonstrated here. The parties' parenting plan was recently revised after substantial litigation, and though the children's wishes were not expressly considered at that time, their ages were noted and their circumstances were extensively assessed. Chellie's pleadings simply noted the children's current ages and their desire to live primarily with her. With nothing more, Chellie's assertions appeared to merely return the case to the core issue litigated shortly before, in 2013: Chellie's desire to have the children move with her to California, a plan that was found at that time to have "severely damaged" the children's relationship with William.

¶12 A district court has "broad discretion when considering the parenting of a child." *In re Marriage of Tummarello*, 2012 MT 18, ¶ 34, 363 Mont. 387, 270 P.3d 28. However, in a modification context, such discretion is contoured by an initial determination of changed circumstances, a legal conclusion. *See, e.g., Jacobsen*, ¶ 17; *Oehlke*, ¶ 12; *Whyte*, ¶ 28.

6

The statute promotes stability for the children and discourages unnecessary litigation over parenting plans. *Whyte*, ¶ 23. We conclude the District Court correctly concluded that the Standing Master's decision dismissing the petition was legally correct as failing to demonstrate a change in circumstances.

¶13 Affirmed.


/S/ JIM RICE


We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER



Justice Beth Baker, concurring.

¶14 In light of the statutory standards for amendment of a parenting plan and our case law, the circumstances of this case—particularly the recent litigation over the parenting plan—did not mandate a hearing as a matter of law on Chellie's petition, and I agree with the Court's disposition of her appeal. But today's decision should not be read to minimize the expressed wishes of teenaged children who are coping with their separated families.

¶15 I agree with most of what Justice McKinnon expresses in her Dissent. The problem is that § 40-4-219, MCA, requires a showing of changed circumstances "*and* that the amendment is necessary to serve the best interest of the child." (Emphasis added.) The

7

statute provides that a teenage child's wishes are to be considered "[i]n determining the child's best interest," not in determining whether there has been a change in circumstances. Section 40-4-219(1), MCA. We thus have held that age alone does not automatically qualify as a "changed circumstance" sufficient to justify a parenting plan amendment. *See D'Alton*, ¶ 11 (concluding that children's "changed circumstances" of being six years older than at time of parenting plan did not "satisfy the initial threshold criteria for this Court to order a show cause hearing to amend the parenting plan"); *Whyte*, ¶ 24 (holding that change in child's age did not constitute a "changed circumstance" sufficient to justify district court's amendment of the parties' parenting plan). But as a child grows up, that child's circumstances may change in myriad ways that no one thought about when the parenting plan was adopted. Developments in a child's life, seemingly routine from a court's perspective, may have significant consequences to an adolescent at a vulnerable time in life. The child's wishes are entitled to serious consideration in order to protect the best interest of the child, even if it means dragging the court back into the family's affairs.

¶16 In light of the language and interpretation of the statute, parents who want to maintain control over the governance of their own family may be able to prevent ongoing court involvement by negotiating parenting plans in the first place that acknowledge the importance of their children's changing needs and desires as the children grow up. For example, parents could agree to an opportunity for review of the plan and of the child's best interest if the child expresses a desire to change the plan after turning fourteen. This assumes, of course, that the parents start with the child's best interest truly at heart and

8

maintain that focus on putting the child's interest first. That is key to the success of any parenting plan. To guard against manipulation, the parenting plan could include a requirement that the moving party pay the other parent's attorney fees if the court determines that a modification request is not pursued in good faith based on the child's best interest.

¶17 It is important that parties have effective and equal access to the courts to resolve contentious parenting disputes, or in cases where collaborative solutions are not appropriate given the family's dynamics. But court processes can be inadequate means to handle "the custody and placement of innocent children." *In re Brockington*, 2017 MT 92, ¶ 37, 387 Mont. 260, 400 P.3d 205 (McGrath, C.J., dissenting); *see also Whyte*, ¶ 45 (Baker, J., dissenting). Participants in our justice system must continue to find ways to help families recognize the best interest of their children and meet the needs of all family members without court intervention. If court intervention is needed, the district court is in the best position to determine the weight to be given a child's expressed desires. *See In re Marriage of Graham*, 2008 MT 435, ¶ 8, 347 Mont. 483, 199 P.3d 211; *In re Marriage of Burk*, 2002 MT 173, ¶¶ 20-24, 310 Mont. 498, 51 P.3d 1149. In most cases the court at least should consider those desires before summarily denying a motion to amend. Here, however, Chellie's petition fell short of what we have required to compel a hearing.

/S/ BETH BAKER

9

Justice Laurie McKinnon, dissenting.

¶18     Section 40-4-219, MCA, is the statute in Montana dedicated to amending parenting plans.  A court may amend a parenting plan if it finds, upon the basis of facts that have arisen since the prior parenting plan, that:  (1) a change in the circumstances of the child has occurred, and (2) the amendment is necessary to serve the best interests of the child.  Section 40-4-219(1), MCA.  Section 40-4-219, MCA, directs the court in its substantive analysis of whether an amendment is necessary.  Importantly, § 40-4-219(1)(c), MCA, expressly provides that the court may consider that "the child is 14 years of age or older and desires the amendment."  Other statutory factors warranting further inquiry by the court, which are also expressly set forth, are whether "the parents agree to the amendment," § 40-4-219(1)(a), MCA; whether "the child has been integrated into the family of the petitioner with consent of the parents," § 40-4-219(1)(b), MCA; whether "one parent has willfully and consistently . . . refused to allow the child to have any contact with the other parent" or "attempted to frustrate or deny contact with the child . . . ," § 40-4-219(1)(d), MCA; and, whether one parent has changed "the child's residence in a manner that significantly affects the child's contact with the other parent," § 40-4-219(1)(e), MCA.  The Legislature enumerated these specific considerations on equal footing and priority, thus indicating that a child who is 14 years of age is entitled to have his or her wishes considered for purposes of amending a parenting plan.  Importantly, § 40-4-219(1)(c), MCA, which is set forth in a statute dedicated to *amending* a parenting plan, is distinct from the requirement that the court consider "the wishes of the child" when determining

10

the child's best interests at the initial parenting plan proceeding pursuant to § 40-4-212, MCA. Section 40-4-212(1)(b), MCA.

¶19 Section 40-4-220, MCA, provides the procedure for invoking the provisions of § 40-4-219, MCA. Section 40-4-220(1), MCA, requires that, in the absence of agreement, the party seeking an amendment must file an affidavit setting forth facts supporting the amendment. Here, Chellie gave notice in February 2015 that she wanted to amend the 2013 parenting plan on the basis that R.J.N. was almost 15 years old and H.E.N. was 12 years old, and both wanted to reside primarily with Chellie. At the time the District Court affirmed the Standing Master's dismissal of Chellie's petition, R.J.N. was close to 17 years old and H.E.N. was 14 years old. Chellie's motion was supported by an affidavit indicating that both R.J.N. and H.E.N. wished to amend the parenting plan. No opposing affidavit was filed by William.

¶20 I would conclude that Chellie's motion and affidavit, together with the express provision of § 40-4-219(1)(c), MCA, presented "adequate cause for hearing [Chellie's] motion" and that a hearing on an order to show cause should have been granted. Section 40-4-220(1), MCA. The District Court, however, concluded on the basis of *In re Whyte* that "despite R.J.N.'s age and apparent desire to amend the Parenting Plan (even if established at an evidentiary hearing), these facts alone do not constitute a sufficiently changed circumstance warranting a hearing under § 40-4-220(1), MCA." The District Court observed that "Chellie failed to cite any case, nor has this Court come across any such Montana case in its research, that supports Chellie's position."

11

¶21 In my opinion, the provisions of § 40-4-219(1)(c), MCA, supported Chellie's request and she did not need to recite authority from this Court to merit further inquiry into her children's wishes. This Court, however, states it agrees "with the District Court's conclusion that such a change [of circumstances] was not demonstrated here" and that "Chellie's pleadings simply noted the children's current ages and their desire to live primarily with her." Opinion, ¶ 11. Where no opposing affidavit contests the applicability of § 40-4-219(1)(c), MCA, or sets forth other facts relevant to the children's best interests, Chellie has met the threshold inquiry of demonstrating the children desire an amendment and there is adequate cause for a hearing. We are not addressing here whether an amended parenting plan should have been granted; rather, we are deciding whether a hearing should have been ordered because a child 14 years of age or older desired an amendment. Indeed, filed with Chellie's motion was a request that the court inquire into the children's wishes in the privacy of the court's chambers.

¶22 Importantly, the District Court did not base its decision on the findings this Court makes: that the parenting plan was recently revised after substantial litigation; that the children's wishes were not expressly considered in previous litigation, but their circumstances were extensively assessed; and that Chellie's assertions appeared to merely return the case to the core issue litigated in 2013. Opinion, ¶ 11. None of these findings were made or even noted by the District Court. The District Court determined, as a matter of law, that a child who is 14 years of age and desires an amendment has not met the threshold inquiry of demonstrating a substantial change in circumstances. To be more

12

precise, the District Court reviewed the Standing Master's order dismissing Chellie's petition for the reasons "set forth in [William's] Motion and Reply." I cannot accept that this gave adequate consideration to Chellie's motion in light of the specific statutory provision requiring an adolescent's wishes be heard.

¶23 In *In re Whyte*, a trial court granted a Mother's motion to amend a parenting plan and this Court reversed. *In re Whyte*, ¶¶ 12, 24. The trial court expressly considered the wishes of an eleven year old child and other circumstances in the child's life. *In re Whyte*, ¶ 12. We vacated the amended parenting plan, concluding that the evidence the trial court received was "insufficient to establish the statutory standard for amendment of the parenting plan." *In re Whyte*, ¶ 24. In our analysis of § 40-4-219(1)(c), MCA, we stated, "[w]*hile consideration of the child's desires is statutorily required when the child is 14 years old*, the ultimate decision is for the court to make, based upon the evidence, and cannot be delegated to the child." *In re Whyte*, ¶ 28 (emphasis added). Thus, in *In re Whyte* we expressly stated that § 40-4-219(1)(c), MCA, requires a court consider the child's desires when the child is fourteen years old. We determined the provision did not apply to the parenting plan at issue in *In re Whyte* because the child was only eleven years old. *In re Whyte*, ¶ 28. Here, in contrast, Chellie provided an affidavit that the children, at least one of them older than 14, desired an amendment pursuant to § 40-4-219(1)(c), MCA. No opposing evidence was presented. It is patently clear that the District Court dismissed the petition on what it believed was a matter of law. Although we add facts to our decision which were not articulated by the District Court so the court's dismissal might be justified,

our conclusion that Chellie has not met her threshold statutory burden conveys to an adolescent that his or her growth, maturity, and desire to direct and take control of his or her own life is not worthy of a hearing and consideration by the court. I am very much opposed to the suggestion that a child's voice does not merit consideration by a court in a parenting proceeding, particularly when the Legislature has concluded otherwise.

¶24 In 1983 the Legislature added what is now § 40-4-219(1)(c), MCA. SB 371, 48th Leg. (Mont. 1983). The provision, introduced as Senate Bill 371, was titled, "An Act Providing that if it is in the Best Interest of the Child, a Child Custody Decree May be Modified When a Child Aged 14 Years or Older Desires that it be Modified; Amending Section 40-4-219, MCA." Proponents of the provision expressed concern that, under the existing statutory framework, a child of appropriate age was disenfranchised from expressing his or her wishes and desires as to a parenting plan amendment. Senate Committee on Judiciary Hearing, Exhibit A, 1 (February 11, 1983). Proponents believed that "our young people have a right to input their desires requesting a custody modification upon a court." Senate Judiciary Committee Hearing, Exhibit A, 1 (February 11, 1983). The Senate intended the provision to "allow a 14-year-old child to express their desires as to which parent they are placed with" without binding the court to the child's desires. Senate Judiciary Committee Hearing Minutes, 4 (February 15, 1983). The House of Representatives noted that the provision would not permit a child to choose who he or she lived with "as a matter of right," but instead the provision would allow a judge to take a child's desire "into consideration once the child reaches [age 14]." House Judiciary

14

Committee Hearing Minutes, 6 (March 14, 1983). Despite subsequent amendments to § 40-4-219, MCA, a child of age 14 or older still has the right to express his or her desire for an amended parenting plan pursuant to § 40-4-219(1)(c), MCA, and we must ensure that right is protected.

¶25 Contested parenting proceedings are hard for everyone—the parents, the family, the witnesses, the court; but most particularly, the children for whom the proceedings are designed to serve and protect. The proceeding should not shut out the voice of the very individual upon which the proceeding is focused. While the court obviously is not required to adopt a parenting plan consistent with the child's wishes, it is nonetheless important for the child that he or she is heard by the court. Given the contentious nature and substantial amount of litigation in these proceedings, as noted by the Court, it would seem particularly appropriate that the voices and wishes of R.J.N. and H.E.N.—here, two adolescents—be heard, through any means the court deemed appropriate. At least, in such a fashion, they would have the benefit of knowing that their wishes were heard and considered. In my opinion and as explained above, this was what the Legislature contemplated when it allowed for the amendment of a parenting plan to consider the wishes of a child who is 14 years of age or older. Section 40-4-219(1)(c), MCA.

¶26 I respectfully dissent from the Court's decision that Chellie's motion and uncontroverted affidavit did not establish adequate cause for a hearing.

/S/ LAURIE McKINNON

15