FILED

11/12/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0146

DA 24-0146

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2024 MT 266N

IN THE MARRIAGE OF:

BENJAMIN DAVID MARTIN,

   Petitioner and Appellant,

 and

BRANDI WILLIAMS, F/K/A BRANDI MARTIN,

   Respondent and Appellee.

APPEAL FROM: District Court of the Eighteenth Judicial District,
      In and For the County of Gallatin, Cause No. DR-2012-60C
      Honorable Michael B. Hayworth, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

    Benjamin David Martin, Self-represented, Winston, Montana

  For Appellee:

    Eric Goldwarg, Luebeck, Hammer, McCarty & Goldwarg, Bozeman,
    Montana

         Submitted on Briefs: September 25, 2024

            Decided: November 12, 2024

Filed:

     _____
         Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Benjamin Martin (Martin) appeals from the February 8, 2024 order denying his motion to modify parenting plan and the February 9, 2024 order denying his motion for contempt of the parenting plan issued by the Eighteenth Judicial District Court, Gallatin County. We affirm.

¶3 The parties were previously married and divorced. They have three children, ages 16, 12, and 10. Since the District Court issued an Amended Final Parenting Plan on January 3, 2022, unhappy differences have continued between the parties. Since adoption of the Amended Final Parenting Plan, Martin has made voluminous filings, requiring responses and much unnecessary litigation. To reduce frivolous filings, the District Court implemented a procedure requiring that the moving party support any factual assertions by affidavit asserting the facts at issue based on personal knowledge and, that upon compliance with this, the court review the filing and "if the filing supports the movant's contention the [c]ourt will direct a Response by written Order."

¶4 On January 31, 2024, Martin filed a Motion to Modify Parenting Plan and Parenting Assessment and Mental Health Evaluation of the Parties in which he asserted Respondent and Appellee Brandi Williams (Williams) failed to follow the current parenting plan. He

2

additionally asserted various complaints about Williams and loss of his summer parenting time. The motion does not itself assert a proposed amended parenting plan, is not accompanied by a proposed amended parenting plan and ultimately only seeks that the court order he and Williams to undergo a psychological evaluation and upon completion of their evaluations, order the parties to mediate a new parenting plan based on those evaluations.

¶5 Upon review of Martin's motion for modification, the District Court noted that Martin failed to propose an amended parenting plan, failed to actually seek to initiate amendment as required by § 40-4-219, MCA, and failed to demonstrate facts demonstrating a change has occurred in the circumstances of the children such that amendment of the parenting plan is necessary to meet the children's best interests as required by § 40-4-220(1), MCA. As such, the District Court determined Williams need not respond to the motion and on February 8, 2024, issued its order denying the motion to modify the parenting plan.

¶6 On January 31, 2024, Martin also filed a Motion for Contempt of Parenting Plan alleging 10 counts as contempt—ranging from complaints that Williams only informed CSSD when she secured employment to complaints that Williams made false statements about him being abusive and her scheduling the children for activities without his consent or knowledge. Upon review of this motion, the District Court summarized that, "[m]ore than any other impression, Mr. Martin's filings support the conclusion the parents, in some ways both parents, need to stop feeding the ongoing animosity between the households. The present standoff is counterproductive to cooperative coparenting and is ultimately

3

contrary to the children's needs for security and stability. Acid exchanged between the parents poisons the children." On February 9, 2024, the District Court concluded Martin did not make the showing necessary to trigger a responsive affidavit or require a hearing and denied his motion for contempt.

¶7    In general,

> a parent seeking to amend a parenting plan, must file a request to amend the parenting plan pursuant to § 40-4-219, MCA, and has the burden of establishing a change in the circumstances of the child has occurred and that the amendment is necessary to serve the best interests of the child. *In re Marriage of D'Alton*, 2009 MT 184, ¶ 11, 351 Mont. 51, 209 P.3d 251 ("[A] party seeking to modify a parenting plan pursuant to § 40-4-219, MCA, carries a heavy burden of proof." (quoting *In re Marriage of Oehlke*, 2002 MT 79, ¶ 17, 309 Mont. 254, 46 P.3d 49 (noting the party requesting the modification bears a heavy burden because the statute's policy is to preserve stability and continuity for the child))). The court is then directed by § 40-4-219, MCA, to consider the criteria in § 40-4-212, MCA, as well in determining the child's best interests.

*In re Marriage of Solem*, 2020 MT 141, ¶ 8, 400 Mont. 186, 464 P.3d 981. Further, the movant must also file and serve a proposed amended parenting plan with the motion for amendment, along with supporting affidavit. Sections 40-4-219, -220, MCA. Unless the court finds adequate cause for hearing is established by the affidavits, it must deny the motion. *In re Marriage of Solem*, ¶ 8.

¶8    Although titled as a motion to amend a parenting plan, as correctly noted by the District Court, Martin's motion did not seek to initiate amendment of the parenting plan pursuant to § 40-4-219, MCA. Instead, the motion sought to compel the parties to undergo psychological evaluations and after doing so, engage in mediation based on the evaluations. The statutory criteria for modifying the parenting plan under § 40-4-219, MCA, were not

4

met. As such, the District Court properly denied Martin's motion to modify the parenting plan.

¶9     We turn now to Martin's appeal of the denial of his motion for contempt. A district court has the responsibility to enforce its orders and contempt is a discretionary tool a court may use to enforce compliance with its orders. *In re Marriage of Baer*, 1998 MT 29, ¶ 45, 287 Mont. 322, 954 P.2d 1125. A contempt order is ordinarily not subject to appeal. Section 3-1-523(1), MCA. "A limited exception exists for contempt orders issued in family law cases, 'only when the judgment or order appealed from includes an ancillary order that affects the substantial rights of the parties involved.'" *In re Marriage of Marez & Marshall*, 2014 MT 333, ¶ 23, 377 Mont. 304, 340 P.3d 520 (quoting § 3-1-523(2), MCA); *see also* M. R. App. P. 6(3)(j). When a contempt order falls within this exception, we review the order to determine whether the district court acted within its jurisdiction and whether the evidence supports the contempt. *In re Marriage of Marez & Marshall*, ¶ 23 (citing *In re Marriage of Novak*, 2014 MT 62, ¶ 37, 374 Mont. 182, 320 P.3d 459). Where a district court has found that there is no need to enforce compliance with its order or the actions of a party do not challenge the court's dignity or authority, we will not reverse its decision absent a blatant abuse of discretion. *In re Marriage of Baer*, ¶ 45.

¶10    In its February 9, 2024 order denying Martin's motion for contempt, the District Court did not specifically address each and every count of contempt asserted. Rather, the court noted its overall impression that the motion was another standoff "counterproductive to cooperative coparenting" and "contrary to the children's needs for security and stability." The District Court was well familiar with the case, the history and interaction

5

between the parties, and clearly, found no need to use contempt to maintain its dignity and authority. In reviewing the record in this case, we find nothing that would lead us to believe the District Court committed a blatant abuse of discretion in denying Martin's motion.

¶11 Williams asserts the record herein together with this appeal and the companion appeal in Cause No. DA 24-0228[1] show Martin will continue to file meritless motions in the District Court and then appeal each to this Court. Williams asserts if Martin is left unchecked, she will be constantly defending herself in appeals until their youngest child is an adult. She seeks that we impose limitations similar to those imposed by the District Court—specifically, that we waive participation in appellate mediation and not require her to file a response unless ordered to do so by this Court. She also seeks attorney fees and costs pursuant to § 40-4-219(5), MCA, and/or M. R. App. P. 19(5) for Martin's frivolous and vexatious amendment action. At this time, we decline to impose appeal limitations but do conclude it appropriate to award Williams her attorney fees and costs associated with this appeal pursuant to M. R. App. P. 19(5) and (3). We agree with Williams that Martin has failed to present adequate legal and factual grounds for this appeal such that it is appropriate to require Martin to pay Williams for reasonable attorney fees and costs she incurred in defending this appeal.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

---

[1] Martin has filed a separate appeal which seeks appeal of unappealable orders. A separate order dismissing that appeal is being issued simultaneously with this Opinion.

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13    Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE