JUSTICE RICE
delivered the Opinion of the Court.
¶1 Chellie Newman (Chellie) appeals the summary dismissal of her petition to modify the parenting plan for her two sons with William Newman (William), by the Eighteenth Judicial District Court, Gallatin *69 County. We affirm, addressing the following issue:
Did the District Court err by dismissing the petition to modify the parenting plan without conducting a hearing?
FACTUAL AND PROCEDURAL BACKGROUND
¶2 Chellie and William were married in 1999 and had two children together, R.J.N. and H.E.N. The marriage was dissolved in 2007, and the parties’ stipulated parenting plan was approved and ordered.
¶3 In 2011, Chellie gave notice of her intention to move to California, and proposed a parenting plan amendment that would substantially restrict William’s time with the children. In response, William also moved to modify the parenting plan. The Standing Master conducted a hearing on the proposed modifications and, on January 10, 2013, entered findings of fact, conclusions of law and an order adopting an amended parenting plan that provided the children would spend a majority of their time with William. The Master concluded that a threshold change of circumstances necessitating a hearing had occurred because of Chellie’s intention to relocate to California with the children, and her asserted “acts of parental alienation” against William. The Master found that Chellie had “engaged in various acts which are forms of parental alienation,” including refusing to allow William to exercise his scheduled time with the children despite his repeated requests, and found that there was “strong evidence that Father’s relationship with his children has been severely damaged as a result of [Chellie’s] proposed relocation to California with the children.”
¶4 In February 2015, Chellie moved to modify the 2013 Amended Parenting Plan. Her motion stated “[t]he basis for this motion is that R.J.N. will be fifteen [15] years of age as of April, 2015, and H.E.N. is twelve [12] years of age, and both children desire a change from the children residing primarily with [William] to a new parenting plan where they reside primarily with [Chellie.]” Her supporting affidavit simply reiterated the children’s ages and their desire to live primarily with Chellie. William moved to dismiss Chellie’s motion, arguing that it failed to demonstrate changed circumstances necessary for a hearing to be conducted on modification of the parenting plan. The Master entered an order summarily denying Chellie’s motion. Chellie filed objections, arguing the Master should have held an evidentiary hearing and conducted an in camera interview of the children. After briefing and a hearing in which argument was received, the District Court affirmed the order, reasoning that “Chellie failed to meet the threshold showing for a hearing, and the Standing Master correctly granted *70 [William’s] Motion to Dismiss. ...” Chellie appeals.
STANDARD OF REVIEW
¶5 When considering parenting plan modifications, we review conclusions of law for whether they are correct. In re Marriage of Guffin, 2010 MT 100, ¶ 20, 356 Mont. 218, 232 P.3d 888. Two standards of review are relevant in a case involving both a standing master and the district court: the standard the district court applies to the master's report and the standard we apply to the district court’s decision. In re Marriage of Davis, 2016 MT 52, ¶ 4, 382 Mont. 378, 367 P.3d 400 (citing In re Marriage of Kostelnik, 2015 MT 283, ¶ 15, 381 Mont. 182, 357 P.3d 912). We review a district court’s decision de novo to determine whether it applied the correct standard of review to a standing master’s findings of fact and conclusions of law. Kostelnik, ¶ 15 (citing In re Marriage of Patton, 2015 MT 7, ¶ 17, 378 Mont. 22, 340 P.3d 1242). A district court reviews a standing master’s findings of fact for clear error, Patton, ¶ 24, and its conclusions of law to determine if they are correct. Patton, ¶ 43.
DISCUSSION
¶6 Did the District Court err by dismissing the petition to modify the parenting plan without conducting a hearing?
¶7 Chellie argues that because one of the children was fourteen years of age, and wished to reside primarily with her, these circumstances provided sufficient grounds to warrant a hearing on her proposed modification to the parenting plan. William responds that the Standing Master and District Court correctly concluded Chellie did not satisfy her burden under the statute to establish a change in circumstances necessary to justify a hearing on modification.
¶8 Section 40-4-219(1), MCA, provides the standards for modification of a parenting plan, requiring a change of circumstances to have occurred and a finding that an amendment is necessary to serve the best interest of the child:
The court may in its discretion amend a prior parenting plan if it finds, upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child.
As provided, these standards are to be satisfied “upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of the entry of the prior plan.” Section 40-4-219(1), MCA.
*71 ¶9 Pursuant to § 40-4-220(1), MCA, the party seeking modification “must file a motion and supporting affidavit showing cause for modification.” In re Marriage of D’Alton, 2009 MT 184, ¶ 9, 351 Mont. 51, 209 P.3d 251. Requests for parenting plan modifications “must satisfy an initial statutory threshold of changed circumstances.” In re Marriage of Whyte, 2012 MT 45, ¶ 23, 364 Mont. 219, 272 P.3d 102; D’Alton, ¶ 9. A demonstration of changed circumstances is a “prerequisite” to amendment of a parenting plan, and “a district court may not modify an existing custody arrangement” without such a finding. In re Marriage of Jacobsen, 2006 MT 212, ¶ 17, 333 Mont. 323, 142 P.2d 859 (citing In re Marriage of Oehlke, 2002 MT 79, ¶ 12, 309 Mont. 254, 46 P.3d 49). The party seeking modification of a parenting plan “carries a heavy burden of proof.” D’Alton, ¶ 11. Section 40-4-220(1), MCA, provides that a court “shall deny the motion unless it finds that adequate cause for hearing the motion is established by the affidavits, based on the best interest of the child, in which case it shall set a date for hearing ....”
¶10 Here, Chellie argues the District Court erred in denying her request for a hearing. The District Court concluded that the assertions in Chellie’s motion and affidavit about R.J.N.’s age and the children’s desire to live primarily with her “do not constitute a sufficiently changed circumstance warranting a hearing under § 40-4-220(1), MCA.” It cited our statement in D’Alton that “the mere aging of children so that they are now in school could hardly be considered ‘unknown to the court at the time of the entry of the prior plan’ as required by § 40-4-219(1), MCA,” D’Alton, ¶ 11, to conclude that “[t]he mere passage of time is not sufficient to establish a changed circumstance of the child.”
¶11 We recognize that one of the statutory criteria in determining a child’s best interest is whether “the child is 14 years of age or older and desires the amendment,” which the District Court may discretionarily consider and weigh. Section 40-4-219(l)(c), MCA. While we have not adopted a blanket rule that the aging of a child, in conjunction with consideration of his or her desires, can never constitute a change in circumstances warranting a hearing on modification, we agree with the District Court’s conclusion that such a change was not demonstrated here. The parties’ parenting plan was recently revised after substantial litigation, and though the children’s wishes were not expressly considered at that time, their ages were noted and their circumstances were extensively assessed. Chellie’s pleadings simply noted the children’s current ages and their desire to live primarily with her. With nothing more, Chellie’s assertions appeared to merely return the case *72 to the core issue litigated shortly before, in 2013: Chellie’s desire to have the children move with her to California, a plan that was found at that time to have “severely damaged” the children’s relationship with William.
¶12 A district court has “broad discretion when considering the parenting of a child.” In re Marriage of Tummarello, 2012 MT 18, ¶ 34, 363 Mont. 387, 270 P.3d 28. However, in a modification context, such discretion is contoured by an initial determination of changed circumstances, a legal conclusion. See, e.g., Jacobsen, ¶ 17; Oehlke, ¶ 12; Whyte, ¶ 28. The statute promotes stability for the children and discourages unnecessary litigation over parenting plans. Whyte, ¶ 23. We conclude the District Court correctly concluded that the Standing Master’s decision dismissing the petition was legally correct as failing to demonstrate a change in circumstances.
¶13 Affirmed.
CHIEF JUSTICE McGRATH, JUSTICES WHEAT and BAKER concur.