Justice Laurie McKinnon delivered the Opinion of the Court.
**55 ¶1 Michala Berube (Mother) appeals from an order of the Eleventh Judicial District Court, Flathead County, amending her parenting plan with Bryan Sinram (Father). While Mother presents nine issues on appeal, we summarize her arguments and restate the dispositive issue as:
Did the District Court err in amending the parties' parenting plan?
¶2 We conclude the District Court did not err and therefore affirm its order amending the parties' parenting plan.
FACTUAL AND PROCEDURAL BACKGROUND
¶3 S.W.B.S. was born to Mother and Father in December 2012. Mother and Father never married and, in 2015, when S.W.B.S. was two years old, the District Court approved the parties' stipulated parenting plan (Initial Parenting Plan). Both parents lived in Kalispell and the plan's residential schedule provided that Mother would parent four days a week while Father would parent three days a week. The residential schedule contained a holiday schedule that contemplated S.W.B.S. entering school; it provided specific arrangements for spring and winter breaks "applicable when kindergarten begins" and clarified that "school attendance takes priority over the holiday" schedule. The residential schedule also contained a subsection entitled "School (when applicable)" and delineated instances in which the parties could remove S.W.B.S. from school.
¶4 The plan further provided that Mother and Father would make certain parenting decisions-specifically those regarding S.W.B.S.'s schooling and healthcare-together. If the parties were unable to agree upon those parenting decisions, the plan provided that they were to make a good-faith effort to resolve the issues through dispute resolution processes before bringing their disagreements to the court. The plan also contained a provision entitled "Modification" (Modification Provision), which provided:
The parties agree that the above schedule shall be reviewed and modified as necessary if there are significant change in circumstances or when the minor child begins kindergarten to consider the developmental changes, needs, and best interest of the child at that time. They shall begin discussions of a schedule at least 6 months prior to the start of kindergarten. Both parties agree that the above schedule must be modified to some extent so that both parents may enjoy a full weekend parenting time with the child.
¶5 After the District Court approved the Initial Parenting Plan, Mother had two more children and moved to Columbia Falls. As **56 S.W.B.S. aged, Mother and Father continuously disagreed on notable parenting decisions, such as whether S.W.B.S. should attend preschool and whether S.W.B.S. should be vaccinated. The parties tried to mediate the issues but could not agree. Therefore, in May 2017, Father filed a motion to permit school enrollment, amend the parenting plan, and modify child support. Specifically, Father wished to enroll S.W.B.S. in preschool and vaccinate him. Father also sought an amended residential schedule, as contemplated by the Initial Parenting Plan's Modification Provision, in anticipation of S.W.B.S. beginning kindergarten the next fall. Mother objected to Father's motion. The District Court held a hearing regarding Father's motion in August 2017.
¶6 Ultimately, the District Court denied Father's request to enroll S.W.B.S. in preschool and granted his request to vaccinate S.W.B.S. The District Court further determined *712 that, in light of its Modification Provision, the Initial Parenting Plan's residential schedule should change as soon as S.W.B.S. entered kindergarten. The District Court memorialized those decisions in an order modifying the parenting plan. That document contained a few clerical errors, and in October 2017, the District Court issued a corrected order (October 2017 Order).
¶7 In its October 2017 Order, the court cited § 40-4-219(1), MCA, the statute governing amendments to parenting plans, which requires the court to find that a change occurred in the child's circumstances and that an amendment is in the child's best interest. Instead of finding a change in circumstances, the District Court relied on the Initial Parenting Plan's Modification Provision to justify its amendment. The court further concluded it was in S.W.B.S.'s best interest to amend the Initial Parenting Plan's residential schedule as soon as he started kindergarten. The new residential schedule provided that beginning in the fall of 2018, S.W.B.S. would reside primarily with Father during the school year, spending time with Mother on alternating weekends from Thursday after school until Sunday evening, with a mid-week visit on opposite weeks. During summer break, Mother would parent from Tuesday afternoon until Friday afternoon, and Father would parent from Friday afternoon until Tuesday afternoon.
¶8 The District Court instructed Father's counsel to prepare a proposed amended parenting plan reflecting the court's determinations, submit the proposal to Mother's counsel, and then submit the proposal to the court for final review and approval. Father's counsel submitted multiple proposals to Mother's counsel, but Mother did not believe any of the proposals accurately reflected the court's October 2017 Order. Father filed a proposed amended parenting plan **57 in early-January 2018 embodying what he considered to reflect the court's rulings. Mother subsequently filed a notice of objection to Father's proposed amended parenting plan.
¶9 In response, the District Court issued a supplemental order in January 2018 regarding miscellaneous parenting plan issues. In the supplemental order, the court found that Mother should parent for most of S.W.B.S.'s summer vacation and, accordingly, ordered the school-year schedule to reverse from June 12 until August 31 each year with Mother parenting the majority of the time. In February 2018, the District Court approved an amended parenting plan that took into account its October 2017 Order and January 2018 supplemental order (Amended Parenting Plan). Mother appeals the District Court's decision to amend the Initial Parenting Plan.
STANDARD OF REVIEW
¶10 When reviewing a district court's decision to modify a parenting plan, we review its findings of fact for clear error. Jacobsen v. Thomas , 2006 MT 212, ¶ 13, 333 Mont. 323, 142 P.3d 859. Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehended the effect of the evidence, or our review of the record convinces us that a mistake was made. In re Marriage of Oehlke , 2002 MT 79, ¶ 17, 309 Mont. 254, 46 P.3d 49. When the findings upon which the court based its decision are not clearly erroneous, we will reverse a district court's decision only where the district court clearly abused its discretion. Oehlke , ¶ 9 ; In re Marriage of Whyte , 2012 MT 45, ¶ 23, 364 Mont. 219, 272 P.3d 102 (explaining that child custody cases present the court with difficult decisions and, accordingly, we presume the court carefully considered the evidence and made the correct decision).
DISCUSSION
¶11 On appeal, Mother contends the District Court made numerous errors when it amended the Initial Parenting Plan, the essence of her arguments being that the District Court erred in its application of § 40-4-219(1), MCA, the statute controlling parenting plan amendments. Section 40-4-219(1), MCA, permits a court to amend a prior parenting plan after finding a change in the child's circumstances and determining the amendment is in the child's best interest. The District Court did not cite a change in S.W.B.S.'s circumstances when it amended the Initial Parenting Plan. Instead, the court *713 cited the plan's Modification Provision, in which the parties agreed to review the plan in contemplation of S.W.B.S. beginning **58 kindergarten. Mother argues the District Court erred by failing to find S.W.B.S.'s circumstances substantially changed before amending the Initial Parenting Plan. Father contends the District Court appropriately amended the Initial Parenting Plan based on its Modification Provision. For the reasons set forth below, we conclude the District Court did not err in amending the parties' parenting plan based on the Modification Provision.
¶12 Parents possess a fundamental right to "make decisions concerning the care, custody, and control" of their child-they are in the best position to determine what parenting arrangement is in their child's best interest. See Polasek v. Omura , 2006 MT 103, ¶ 12, 332 Mont. 157, 136 P.3d 519 (quoting Troxel v. Granville , 530 U.S. 57, 66, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49 (2000) (plurality)). Parents develop their parenting plans with the intent to accomplish various objectives, such as protecting their child's best interest, providing for their child's physical care, and maintaining their child's emotional stability. Section 40-4-233(1) - (3), MCA. As parents make decisions regarding their child's care, they should consider their child's developmental level. Section 40-4-234(1)(e), MCA. Therefore, a parenting plan should "provide for the child's changing needs as the child grows and matures, in a way that minimizes the need for future amendment to the final parenting plan." Section 40-4-233(4), MCA.
¶13 To aid in accomplishing these objectives, a parenting plan may include a periodic-review provision-a provision providing for the "periodic review of the parenting plan when requested by either parent or the child or when circumstances arise that are foreseen by the parents as triggering a need for review, such as attainment by the child of a certain age or if a change in the child's residence is necessitated." Section 40-4-234(2)(f), MCA. Periodic-review provisions give parents the option to request a review or to foresee certain circumstances triggering a need for review, allowing them to account for their child's changing needs as he or she ages. See §§ 40-4-233(4), -234(2)(f), MCA. Recognizing that parents are in the best position to determine what parenting arrangement is in their child's best interest and giving effect to § 40-4-234(2)(f), MCA, we conclude that a parenting plan may be reviewed and amended pursuant to the plan's periodic-review provision.
¶14 Utilizing a parenting plan's periodic-review provision to review and amend a parenting plan exists as an alternative to amending a parenting plan pursuant to § 40-4-219(1), MCA. Under § 40-4-219(1), MCA, a court may only amend a parenting plan after finding "upon the basis of facts that have arisen since the prior plan or **59 that were unknown to the court at the time of entry of the prior plan, that a change has occurred in the circumstances of the child...." Section 40-4-219(1), MCA ; In re Parenting of R.J.N. & H.E.N. , 2017 MT 249, ¶ 9, 389 Mont. 68, 403 P.3d 675 ; In re Marriage of D'Alton , 2009 MT 184, ¶ 9, 351 Mont. 51, 209 P.3d 251. Amendment pursuant to a periodic-review provision, on the other hand, is based on parents, who are familiar with their child's development, needs, education, and familial circumstances, deciding that a review of the parenting plan is in their child's best interest. In doing so, parents exercise their constitutional rights to make decisions they believe to be in their child's best interest.
¶15 Under § 40-4-219(1), MCA, a change in circumstances must be of a substantial nature. In D'Alton , we held that a child's mere aging is not a sufficient change in circumstances because aging, by itself, is not an unknown event. D'Alton , ¶ 11. However, a child may undergo significant developmental changes as he grows and matures, and those developmental changes may result in a substantial change in the child's circumstances. When parents have not previously decided that periodic review is in their child's best interest, a court must consider whether those developmental changes resulted in a change in the child's circumstances under § 40-4-219(1), MCA. On the other hand, when parents decide they want to periodically *714 review their child's needs as he ages, they may utilize a periodic-review provision and review the parenting plan pursuant to that provision.
¶16 Section 40-4-219(1), MCA's change-in-circumstances requirement only applies when a parent seeks to amend a parenting plan based on a change in circumstances; it does not apply when parents seek to amend a parenting plan pursuant to the plan's periodic-review provision. Parents are in the best position to determine what parenting arrangement is in their child's best interest, and when they include a periodic-review provision in their parenting plan, courts must give effect to that provision and permit amendments based on that provision. Requiring parents to demonstrate a change in their child's circumstances-after they agreed that periodic review is in the child's best interest-would interfere with parents' constitutional rights to make decisions concerning the best interest of their children.
¶17 While a court may amend a parenting plan based on either a periodic-review provision, § 40-4-234(2)(f), MCA, or a change in the child's circumstances, § 40-4-219(1), MCA, any amendment must be in the child's best interest. In determining whether the amendment is in the child's best interest, the court may consider the criteria listed in § 40-4-212(1)(a)-(m), MCA, as well as the factors enumerated in **60 § 40-4-219(1)(a)-(e), MCA.
¶18 In this case, the Initial Parenting Plan contained a periodic-review provision: the Modification Provision. Mother and Father foresaw that developmental changes would occur and determined it was in S.W.B.S.'s best interest to review the Initial Parenting Plan's residential schedule in contemplation of S.W.B.S. beginning kindergarten. Therefore, they included the Modification Provision in their Initial Parenting Plan, as permitted by § 40-4-234(2)(f), MCA. We conclude the District Court appropriately relied on the Modification Provision to amend the Initial Parenting Plan.
¶19 The District Court further determined the amendment was in S.W.B.S.'s best interest. The court found S.W.B.S. should spend the majority of his school week living with Father because Father could provide more child-centered parenting and greater continuity and stability than Mother. Further, the District Court found S.W.B.S. would have better academic success in Father's more structured environment. The court also determined the new residential schedule would still ensure S.W.B.S. had frequent and continuing contact with both parents. We conclude the District Court based its decision on findings that were not clearly erroneous and did not abuse its discretion by determining an amended parenting plan was in S.W.B.S.'s best interest. See Oehlke , ¶ 9.
¶20 As a final note, we address Mother's argument on appeal that Father failed to engage in mediation prior to filing an action to amend the parenting plan in District Court. Mother's contention is unsupported by the facts, which demonstrate that Father attempted to mediate the dispute before filing a motion in District Court. Mother's argument is, therefore, unpersuasive.
CONCLUSION
¶21 Parents may agree to periodically review their parenting plan pursuant to § 40-4-234(2)(f), MCA. Amending a parenting plan pursuant to a periodic-review provision exists as an alternative to amending a parenting plan pursuant to § 40-4-219(1), MCA. In this case, the District Court appropriately relied on the Modification Provision when it amended the Initial Parenting Plan and did not abuse its discretion when it determined an amendment was in S.W.B.S.'s best interest. We accordingly affirm the District Court's October 2017 Order and the Amended Parenting Plan.
We concur:
MIKE McGRATH, C.J.
BETH BAKER, J.
INGRID GUSTAFSON, J.
JIM RICE, J.