

DA 09-0671

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 178

ROBIN L. SIAN,

      Petitioner and Appellee,

   v.

DANIEL R. KOOYER,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 98-0787
Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

         Daniel R. Kooyer, self-represented litigant; Yuma, Arizona

      For Appellee:

         Robin L. Sian, self-represented litigant; Worden, Montana

              Submitted on Briefs: July 21, 2010

                    Decided: August 17, 2010

Filed:

         _____
                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Daniel Kooyer appeals from the District Court's November 17, 2009 order denying his motion to amend the prior parenting plan that had been adopted in 1999. We reverse and remand.

## BACKGROUND

¶2     Daniel Kooyer and Robin Sian, who both appear as self-represented litigants, were married in 1992 and divorced in 1999. They have a daughter who is now 15 years old. The District Court adopted a parenting plan at the time of the divorce when both parties lived in Montana. The plan designated Robin as the primary residential parent, and Daniel had visitation on alternating weekends and holidays.

¶3     In 2009 Daniel became disabled and moved to Arizona for the climate, to accommodate his physical and mental illnesses. He asserts he is indigent, is no longer employed, and lives on disability payments. In September, 2009 Daniel filed a petition seeking to modify the original parenting plan on the ground that weekend visitation with his daughter is no longer practical because of his health, limited income, and distance from Montana. Daniel filed his motion on forms developed by this Court's Commission on Self-Represented Litigants and the Montana Legal Services Association. Daniel completed the forms and affidavit thoroughly and legibly, adequately describing the changes to the parenting plan he proposed and the reasons.

¶4 Robin did not respond to Daniel's motion. The District Court entered a summary order stating that the motion was "insufficient to trigger the relief requested" and that it did not "provide adequate cause for a hearing under Sections 40-4-219 and 40-4-220."

**STANDARD OF REVIEW**

¶5 A district court's discretionary decisions in custody matters are reviewed to determine whether they are supported by substantial evidence, and we will not reverse unless there has been an abuse of discretion. *Czapranski v. Czapranski*, 2003 MT 14, ¶¶ 10, 48, 314 Mont. 55, 63 P.3d 499.

**DISCUSSION**

¶6 Section 40-4-219, MCA, provides that a district court "may in its discretion amend a prior parenting plan if it finds, upon the basis of facts that have arisen since the prior plan . . . that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child." The district court may consider the criteria of §§ 40-4-212 and -219(a)-(e), MCA, in determining what is in the best interest of the child. A motion to amend a parenting plan must be accompanied by an affidavit setting forth facts supporting the requested amendment, and the district court may set a hearing if there is "adequate cause" for a hearing based upon the best interests of the child. Section 40-4-220, MCA.

¶7 The stated cause for Daniel's motion to amend the parenting plan was his disability, his relocation to Arizona, and his inability to enjoy regular visitation with his daughter provided by the original plan. There seems to be no issue that Daniel's move to Arizona was legitimately related to his health issues, and in any event parents have a right

3

to travel, *In re Marriage of Guffin*, 2009 MT 169, ¶ 10, 350 Mont. 489, 209 P.3d 225. The issue then is whether this constitutes changed circumstances and adequate cause for a hearing.

¶8 Under § 40-4-212(l), MCA, one of the factors a district court should consider when determining the best interest of the child is "whether the child has frequent and continuing contact with both parents, which is considered to be in the child's best interests . . . ." Maintaining parent-child contact is also reflected in § 40-4-217, MCA. That statute requires that a parent who intends to change residence must, if the change will affect the child's contact with the other parent, give written notice of the intent to move along with a proposed revised residential schedule for the child. Daniel's motion specifically stated as a reason for his requested modification that "[h]aving an adequate number of visits would be in the child's best interests and help us maintain a better relationship."

¶9 It is clear under these statutes that parent-child contact is a factor to be considered when determining the best interests of the child and that continuing contact with both parents is considered to be in the child's best interest. Moreover, when a parent changes residence and is thereby unable to maintain frequent and continuing contact with the child, that can constitute a change in the circumstances of the child for purposes of § 40-4-219, MCA. Therefore we conclude in this case that Daniel's disability and change of residence and their affects on his ability to maintain contact with his daughter under the existing parenting plan, constitute a sufficient change in the circumstances of the child to warrant a hearing on his motion under § 40-4-219, MCA.

4

¶10 On appeal the parties devoted their briefing to arguing the merits of Daniel's proposed modifications to the parenting plan. We express no opinion as to whether the parenting plan should be modified or, if so, in what way. Those are questions for the District Court to address on remand.[1]

¶11 We conclude that in the present case Daniel made a sufficient prima facie showing of a change of circumstances to entitle him to a hearing on his proposed modifications of the prior parenting plan under § 40-4-219, MCA. The District Court's failure to give any material reasons why Daniel's motion was insufficient was an abuse of discretion. We reverse the District Court's order and remand this matter to the District Court to conduct a hearing and any such other proceedings as may be required to determine whether the prior parenting plan should be modified.

/S/ MIKE McGRATH

We concur:

/S/ W. WILLIAM LEAPHART
/S/ MICHAEL E WHEAT
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS

---

[1] In her response to Daniel's opening brief on appeal Robin stated that while she objects to his proposed parenting plan, she does not oppose visitation and also would "like to see changes made in the original parenting plan." Given that both parties agree that there should be some modification, perhaps on remand the District Court could refer the matter to the Court Assistance Program and suggest that the parties seek a mediated settlement.