DA 10-0574

IN THE SUPREME COURT OF THE STATE OF MONTANA

2011 MT 253

IN RE THE MARRIAGE OF:

EDWARD R. CHAMBERLIN,

Petitioner and Appellant,

and

TRINA CHAMBERLIN,

Respondent and Appellee.

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District,<br>In and For the County of Lewis & Clark, Cause No. BDR 09-486<br>Honorable Jeffrey M. Sherlock, Presiding Judge |

COUNSEL OF RECORD:

For Appellant:

Robyn L. Weber, Attorney at Law, Helena, Montana

For Appellee:

Joan Hunter, Attorney at Law, Helena, Montana

Submitted on Briefs: August 24, 2001
Decided: October 11, 2011

Filed:

_____
Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Edward R. Chamberlin (Ed) appeals from that portion of an order of the First Judicial District, Lewis and Clark County that dissolved his marriage to Trina Chamberlin (Trina), distributed the marital property, and established a parenting plan for their minor child. We review the following issues on appeal:

¶2     *1. Whether the District Court equitably divided the marital estate.*

¶3     *2. Whether the District Court properly awarded Trina primary parenting of the parties' minor child, G.S.C.*

¶4     *3. Whether this Court should remand the matter back to the District Court for an award of attorney fees and costs to Trina.*

### FACTUAL AND PROCEDURAL HISTORY

¶5     Ed and Trina married in August 2006 in Crestwell, Oregon. They separated in August 2009. They have one child born of the marriage: G.S.C., born in August 2007.

¶6     Ed purchased a property in Townsend, Montana, in 2003. Ed claims that he borrowed $25,000 from his father to fund the purchase. The undated note that documents the alleged loan states that the money was "to be paid back 2011 at retirement" at four percent interest. Ed has made no payments on the loan. Ed also took out a construction loan in 2003 to build a house on the property.

¶7     Ed obtained a home equity loan in 2007 after the parties had married. The parties used some of the loan proceeds to pay off Trina's car and Trina's student loan debt. The

parties refinanced their mortgage in 2009. This refinancing consolidated the first mortgage and Ed's home equity loan in both of their names. The parties separated later that year.

¶8 Ed filed for dissolution of marriage in August 2009. The District Court adopted an interim parenting plan that gave primary custody of G.S.C. to Trina. Ed had G.S.C. in his care for more days than Trina did during the separation period. The case proceeded to trial.

¶9 The District Court entered its findings of fact, conclusions of law, and decree of dissolution on October 21, 2010. The District Court awarded the house and property to Ed. The court declined, however, to count the $25,000 loan from Ed's father to him as a liability against the house. The District Court awarded Trina's Ford Focus to her. The District Court set a parenting plan that awarded primary custody to Trina. The court found that Ed improperly had restricted Trina's parenting time in conflict with the terms of the interim parenting plan. The District Court allocated parenting time to Ed from Wednesday evening until Sunday in alternating weeks. Ed appeals.

STANDARD OF REVIEW

¶10 We review for clear error a district court's division of marital property. *In re Marriage of Kessler*, 2011 MT 54, ¶ 15, 359 Mont. 419, 251 P.3d 147. We review for abuse of discretion a district court's decision in a child custody matter. *Sian v. Kooyer*, 2010 MT 178, ¶ 5, 357 Mont. 215, 239 P.3d 121. We also review for abuse of discretion a district court's award of attorney fees in a dissolution proceeding. *In re Marriage of Stevens*, 2011 MT 106, ¶ 7, 360 Mont. 344, 253 P.3d 877. A district court abuses its discretion if it "acts

3

arbitrarily without employment of conscientious judgment or so exceeds the bounds of reason as to work a substantial injustice." *Kessler* at ¶ 15.

DISCUSSION

¶11    *Whether the District Court equitably divided the marital estate.*

¶12    Ed contends that the District Court should have included the $25,000 from his father as a liability on the Townsend property.  Ed admits that he did not make any payments on the alleged loan.  Ed argues, however, that his father did not expect any payments until 2011.

¶13    We never have set an exact formula for district courts to divide marital property. We allow district courts to determine how to distribute property fairly and affirm unless they have clearly abused their discretion.  We apply a presumption of correctness to a district court's decision in these matters. *In re Marriage of Bartsch*, 2007 MT 136, ¶ 29, 337 Mont. 386, 162 P.3d 72 (citing *In re Marriage of Harper*, 1999 MT 321, ¶ 39, 297 Mont. 290, 994 P.2d 1).

¶14    The District Court found that the informal nature of the loan from Ed's father raised questions as to whether his father had intended the payment as a loan or as a gift.  Trina testified that Ed told her he would never have to pay back the loan. The court used the informal nature of the loan as well as Trina's testimony to determine that the $25,000 plus interest did not constitute a liability against the house.

¶15    Ed claims that the District Court should have excluded the Townsend property from the marital estate in light of the fact that he purchased it three years before his marriage.  He also argues that Trina did not contribute to the property during their marriage.  Ed further

4

contends that he should get the Ford Focus because he used the proceeds of the home equity loan to pay off Trina's car and school loans.

¶16    A district court follows § 40-4-202, MCA, in dividing marital property.  A district court must consider contributions of the other spouse to the marriage when dividing property acquired before the marriage.  These contributions may include nonmonetary contributions by a homemaker or contributions that have facilitated the maintenance of the property.  Section 40-4-202(1), MCA.  Ed clearly acquired the property before the marriage regardless of whether he owed his father any money under the alleged informal loan.

¶17    Trina testified that she worked on several parts of the property, including the fencing and landscaping.  Trina admitted that she did not pay the mortgage on the house. She testified, however, that she paid all of the other bills for the property.  Ed failed to present any evidence regarding the value of the property at the time of the marriage in 2006.  Trina similarly presented no evidence of the monetary value of her contribution to the preservation, maintenance, or enhancement of the property's value. *Arnold v. Sullivan*, 2010 MT 30, ¶ 28, 355 Mont. 177, 226 P.3d 594.  The District Court only could find on the evidence presented by the parties that the property was worth $152,833 at the time of the trial in 2010.

¶18    The District Court considered the evidence presented by both parties and determined that Ed should keep the property and Trina should keep her Ford Focus.  The District Court also determined there would be no offset in payment between the parties.  The District Court could not measure accurately the value of Trina's contribution to preservation, maintenance,

or enhancement of the property's value, without evidence of the property's value at the time of the marriage. *In re Marriage of Rolf*, 2000 MT 361, ¶ 48, 303 Mont. 349, 16 P.3d 345.

¶19 Courts have discretion under § 40-4-402, MCA, to craft "a fair distribution of the marital property using reasonable judgment and relying on common sense." *Harper v. Harper*, 1999 MT 321, ¶ 36, 297 Mont. 290, 994 P.2d 1 (citing *In re Marriage of Rock*, 267 Mont. 476, 480, 850 P.2d 296, 298 (1993)). The District Court left Trina and Ed roughly with the property that each took into the marriage. Neither the District Court's refusal to credit Ed with his $25,000 investment in the property, nor its failure to determine the value of Trina's contribution, rises to the level of clear error. We find no abuse of discretion by the District Court in its division of property. *Kessler*, ¶ 15.

¶20 *Whether the District Court properly awarded Trina primary parenting of the parties' minor child, G.S.C.*

¶21 Ed claims that G.S.C. resided with him for most of the parties' separation period from August 2009 through the date of the court's order in October 2010. He relies heavily on this fact to support his claim that he should be the primary residential parent.

¶22 A district court's custody determination must accord with the statutory factors, codified at § 40-4-212, MCA. *In re Marriage of Carter,* 2003 MT 19, ¶ 14, 314 Mont. 84, 63 P.3d 1124. Trina testified that Ed used intimidation tactics to keep G.S.C. away from her during the parties' separation. Ed denies any allegations of intimidation toward Trina. He further disputes the District Court's finding that he restricted Trina's time with G.S.C.

6

¶23 The District Court expressly found Trina's testimony to be credible. The District Court relied on this finding to determine that Ed's behavior toward Trina indicated that he inappropriately would keep G.S.C. from Trina. This finding applies to the best interest of the child standard factor of "whether the child has frequent and continuing contact with both parents . . . ." Section 40-4-212(1)(*l*), MCA.

¶24 Ed lives in Townsend and Trina lives in Helena. A half-time parenting arrangement would not work under these circumstances due to the travel time involved for G.S.C. Trina's apparent amenability to a more flexible parenting arrangement comports with the court's decision to make her the primary residential parent. The court concluded that Trina would not impede Ed's ability to see G.S.C. Ed's insistence on primary custody, on the other hand, dovetails with the District Court's finding that Ed had used intimidation tactics to keep G.S.C. away from Trina. Our review of the record leads us to conclude that substantial evidence supports the District Court's parenting plan. *Sian,* ¶ 5.

¶25 *Whether this Court should remand the matter back to the District Court for an award of attorney fees and costs to Trina.*

¶26 Trina requests that this Court assess an award of reasonable attorney fees and costs against Ed. We award sanctions for frivolous, vexatious, or harassing appeals. We also award sanctions for appeals taken without substantial or reasonable grounds. M. R. App. P. 19(5). We look at whether the appellant made the arguments in good faith when evaluating whether an appeal is frivolous. *Cooper v. Glaser*, 2010 MT 55, ¶ 16, 355 Mont. 342, 228 P.3d 443. The fact that the District Court's distribution of the parties' marital estate did not

7

constitute an abuse of discretion fails to rise to the level of an appeal lacking good faith. Ed

has the right to appeal the decision of the District Court.

¶27 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES C. NELSON