FILED

11/25/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0273

DA 25-0273

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 270

IN RE THE PARENTING OF:

A.M.B.-B.,

REINA IRENE CAZABAL-BOE,

      Petitioner and Appellee,

  and

DANIEL THOMAS WHITBY,

      Respondent and Appellant.

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 18-495
Honorable Mary Jane Knisely, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Clifford B. Irwin, Irwin Law Office, P.C., Missoula, Montana

      For Appellee:

          Brianne E. Radovich, Attorney at Law, Billings, Montana

                    Submitted on Briefs:  October 1, 2025

                                Decided:  November 25, 2025

Filed:

                         _____
                                Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1 Daniel Whitby appeals the March 14, 2025 decision of the Montana Thirteenth Judicial District Court, Yellowstone County, which rejected Whitby's motion for a hearing to modify the court ordered parenting plan with Reina Irene Cazabal-Boe regarding their biological son, A.M.B.-B.

¶2 On appeal we address the following issues:

1. *Whether the District Court erred in determining that a change in circumstances did not occur and therefore denied a hearing.*

2. *Whether the District Court erred by not amending the parenting plan.*

3. *Whether the Standing Master and the District Court erred in issuing an award of attorney fees.*

We reverse and remand for a hearing.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Daniel Whitby (Whitby) and Reina Irene Cazabal-Boe (Cazabal-Boe) are the biological parents of A.M.B.-B. who was born in January 2018. A few months prior to A.M.B.-B.'s birth, on July 18, 2017, Cazabal-Boe obtained a ten-year order of protection against Whitby due to allegations of violent assault and rape. That December, Whitby was charged with multiple criminal offenses against Cazabal-Boe including Partner or Family Member Assault, Criminal Mischief, and Unlawful Restraint. On May 9, 2018, Cazabal-Boe petitioned the Montana Thirteenth Judicial District Court, Yellowstone County, to establish a parenting plan. In Cazabal-Boe's proposed parenting plan, she requested Whitby have no visitation rights and no communication with A.M.B.-B., due to

2

Whitby physically, sexually, mentally, and emotionally abusing and neglecting her before and while she was pregnant.

¶4 On June 21, 2018, Whitby filed a counter-petition claiming it would be in A.M.B.-B.'s best interest to live with him due to Cazabal-Boe's alleged drug addiction and use during pregnancy; the use of drugs by her surrounding family members; and that Cazabal-Boe had been physically and verbally abusive towards him. On July 25, 2018, a hearing was held in the Yellowstone County Courthouse in Billings on the proposed parenting plan before a Standing Master. Cazabal-Boe appeared pro se and provided testimony. Whitby did not appear, claiming he was unable to make the hearing due to traffic delay because of the Vice President being in town.

¶5 On August 17, 2018, the Montana Thirteenth Judicial District Standing Master, in her Findings of Fact, Conclusions of Law, and Parenting Plan Order, adopted Cazabal-Boe's proposed parenting plan citing Whitby's chemical dependency problems and anger management concerns. The plan provided that Cazabal-Boe would solely parent A.M.B.-B., and Whitby was prohibited from having any communication or parenting time.

¶6 On December 21, 2018, Whitby entered guilty pleas for crimes against Cazabal-Boe including Partner or Family Member Assault, Unlawful Restraint, and Criminal Destruction of or tampering with a communication device. On February 21, 2019, Whitby filed a motion with the same court to modify the adopted parenting plan, and he requested a hearing on the matter. In his supporting affidavit, Whitby alleged he had been kept from seeing A.M.B.-B.; he was unable to appear at the hearing to establish parenting time; he attempted to make the hearing and called into the court but unfortunately was too late; he

3

paid partial child support; and he wanted at least 50% custody of their minor child. Whitby proposed the same parenting plan previously rejected by the Court.

¶7    On June 12, 2019, the Standing Master denied Whitby's Motion with no hearing, citing no change in circumstances of A.M.B.-B. On October 2, 2024, Whitby moved to modify the parenting plan again. In his motion to amend, Whitby cited several changed circumstances since the court adopted the parenting plan, including completion of an anger management course with a letter regarding his progression in the class; he had taken a psychological evaluation that came back with no major issues; he had been sober for two years; he attended an addiction and recovery program with twelve steps for completion; he had over a year's worth of clean random U.A.'s; and he had attended counseling. On January 13, 2025, a new Standing Master once again dismissed Whitby's Motion without a hearing citing no change in circumstances to A.M.B.-B. and awarded Cazabal-Boe attorney fees claiming that two attempts to amend the parenting plan, two attempts to have the Order of protection dismissed, and two attempts to have A.M.B.-B.'s name changed over the course of seven years was "bordering on frivolous and vexatious."

¶8    On January 16, 2025, Whitby filed his specific objections on the Standing Master's findings arguing that the Standing Master had abused his discretion by finding there had not been a significant change in circumstances that affected the best interest of A.M.B.-B. On March 14, 2025, the District Court issued its Order adopting the Standing Master's Order denying the motion to amend parenting plan and finding no cause for a hearing. The court cited Whitby's multiple criminal violations, as well his failure to comply with court orders in the past as evidence that Whitby has not made improvements in his life. The

4

court noted that Whitby had neither completed a psycho-sexual evaluation, nor had he enrolled in or completed a forty-hour anger management or Partner or Family Member assault program as ordered by the court in a prior proceeding against Cazabal-Boe.

¶9 On April 11, 2025, Whitby filed a Notice of Appeal with this Court. In his briefing, Whitby argues (1) that the District Court erred in determining that a change in circumstances did not occur therefore denying a hearing, (2) the District Court erred by failing to amend the parenting plan, and (3) the Standing Master and District Court erred in awarding attorney fees. Cazabal-Boe argues in response (1) the District Court did not err in determining a change in circumstances did not occur therefore denying a hearing, (2) the District Court had reasonable justification when it refused to amend the parenting plan, and (3) the Standing Master and the District Court did not err in issuing attorney fees against Whitby.

## STANDARD OF REVIEW

¶10 We review a district court's denial of an evidentiary hearing for a clear abuse of discretion. *In re the Parenting of L.R.,* 2023 MT 235, ¶ 7, 414 Mont. 191, 539 P.3d 642. This Court reviews the underlying findings in support of a district court's decision to modify a parenting plan under the clearly erroneous standard. *Guffin v. Plaisted-Harman,* 2010 MT 100, ¶ 20, 356 Mont. 218, 232 P.3d 888. A district court's conclusions of law are reviewed for correctness. *In re the Parenting of C.J.,* 2016 MT 93, ¶ 12, 383 Mont. 197, 369 P.3d 1028. District courts have broad discretion when considering the parenting of a child, and this Court will presume the court carefully considered the evidence and made the correct decision. *In re C.J.,* ¶ 13 (citations omitted). Absent clearly erroneous

findings, we will not disturb a district court's decision regarding parenting plans unless there is a clear abuse of discretion. *In re C.J.*, ¶ 13. A district court abuses its discretion when its acts arbitrarily without employment of conscientious judgment or exceeds the bounds of reason resulting in substantial injustice. *Guffin*, ¶ 20.

**DISCUSSION**

¶11    1. *Whether the District Court erred in determining that a change in circumstances did not occur and therefore denied a hearing.*

¶12    Whitby contends that his verified affidavit set forth adequate cause for a hearing under § 40-4-220, MCA, and that the District Court erred by resolving disputed facts without taking evidence. In its discretion, a district court may amend a prior parenting plan when they have found a "change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child." Section 40-4-219(1), MCA. These standards are satisfied "upon the basis of facts that have arisen since the prior plan or that were unknown to the court at the time of the entry of the prior plan." Section 40-4-219(1), MCA. When a parent files "an affidavit in support of a requested amendment and receiving an opposing affidavit, if any, the court shall set a hearing on a request for an amendment if the court finds that adequate cause is established by the affidavits based on the best interests of the child." *In re L.R.,* ¶ 20; § 40-4-220, MCA. The current case presents two interlocking inquiries: (1) whether Whitby's affidavits, if true, plausibly allege a statutory change in A.M.B.-B.'s circumstances under § 40-4-219(1), MCA; and (2) whether that showing triggers the mandatory hearing requirement under § 40-4-220, MCA. In a case like this involving disputed allegations in affidavits, a district court cannot

6

resolve credibility disputes on competing affidavits when § 40-4-220, MCA, mandates a hearing on adequate cause.

¶13 Under the first inquiry, although § 40-4-219(1), MCA, focuses on "circumstances of the child," Montana law recognizes that parental developments may qualify when they materially affect the child's interests and day-to-day life. *See Sian v. Kooyer*, 2010 MT 178, ¶¶ 17-19, 357 Mont. 215, 239 P.3d 121 (parent's disability, relocation, and loss of employment altered the child's living realities); *In re Marriage of Clay*, 2007 MT 228, ¶¶ 15-16, 339 Mont. 147, 168 P.3d 665 (parent's move requiring extensive travel for school constituted change in circumstance); *In re Marriage of Carter*, 2003 MT 19, ¶¶ 14-16, 314 Mont. 84, 63 P.3d 1124 (parent's inter-state relocation significantly affect child's environment). These cases illustrate that the statutory focus on the child does not exclude parental rehabilitation, stability, or conduct when those developments bear directly on the feasibility and safety of parent-child contact. Whether such parent-focused changes constitute a change in the child's circumstances is a fact-bound determination grounded solely in § 40-4-219(1), MCA, and not in any judicially created list of factors. *In re L.R.* illustrates that a parenting plan may become unreasonable when, on the facts presented, it lacks a realistic means of evolving in response to a child's maturation and a parent's demonstrated improvements. *In re L.R.*, ¶¶ 9, 12-13.

¶14 By contrast, Cazabal-Boe relies on *In re Marriage of D'Alton*, 2009 MT 184, 351 Mont. 51, 209 P.3d 251, which cautions that the mere passage of time or routine developmental milestones do not, by themselves, establish a "change in circumstances." *D'Alton* embodies the statutory requirement that a petition for amendment must be based

7

on information unknown at the time of the original plan; it does not address a situation like this one, where a child has lived under a categorical no-contact plan from infancy through age seven, the plan provides no mechanism for progression as the child matures, and the reason for barring contact has changed. That static posture is precisely the concern *In re L.R.* identified when a plan fails to evolve with the child's needs. Thus, *D'Alton*'s caution does not foreclose a hearing where, as here, the movant alleges facts that, if true, were unknown at the time of the existing plan and bear directly on A.M.B.-B.'s best interests under § 40-4-219(1), MCA.

¶15 Likewise, our decisions emphasizing the "heavy burden" required to justify modification do not bar a hearing when the allegations, if proven, plausibly allege facts that, if true, materially affect the child's circumstances within the meaning of § 40-4-219(1), MCA. *See In re Marriage of Oehlke*, 2002 MT 79, ¶ 27, 309 Mont. 254, 46 P.3d 49; *In re Marriage of Hay*, 246 Mont. 372, 375-76, 803 P.2d 1250, 1252-53 (1990). Whitby's showing goes well beyond the "mere passage" of time at issue in *D'Alton*; it presents qualitatively different circumstances.

¶16 Cazabal-Boe further contends that parent-focused improvements are categorically irrelevant. *In re L.R.* indicates otherwise: improvements bearing on the feasibility and best interests of a parent-child relationship may bear directly on whether the child's circumstances have changed such that the existing plan should be reconsidered. Accordingly, the first inquiry favors the conclusion that Whitby's affidavits, if proven, would establish a "change in circumstances" under § 40-4-219(1), MCA, in a manner

8

sufficient to require a hearing under § 40-4-220, MCA, while leaving the ultimate merits determination to the District Court on remand.

¶17 Under the second inquiry, Cazabal-Boe highlights Whitby's criminal history, his past non-compliance with court ordered PFMA and psycho-sexual programming, and alleged protection order violations. These concerns are serious, but they underscore, rather than eliminate, the need for a structured evidentiary hearing. Section 40-4-220, MCA, does not require a parent to establish safety conclusively at the affidavit stage; it requires a showing that, if proven, warrants examining whether conditions such as supervised contact, therapeutic integration, or compliance-based benchmarks could safely serve the child's best interests. At the § 40-4-220, MCA, screening stage, the court must take the movant's sworn allegations as true for purposes of determining whether adequate cause exists, not for determining their accuracy or merit, and it cannot resolve credibility or factual disputes without evidence. The existence of acknowledged past risks therefore does not preclude a hearing; it shapes the scope and rigor of the inquiry on remand. Whether Whitby's recent verified assertions of sobriety, treatment, evaluations, and law-abiding conduct are credible and sufficient to mitigate earlier risks is a factual matter the District Court must resolve through evidence, not through threshold dismissal. *See Patton v. Patton,* 2015 MT 7, ¶ 19, 378 Mont. 22, 340 P.3d 1242 (abuse of discretion includes action beyond reason causing injustice). Furthermore, the threshold at § 40-4-220, MCA, is not a merits adjudication; it asks whether the sworn-showing taken as true for screening warrants testing through live evidence. *In re L.R.* teaches that a plan may become unreasonable when, on the facts presented, it lacks a realistic way to evolve as a child matures. *In re L.R.*, ¶¶ 9, 12-13.

9

Here, Whitby alleges facts in his affidavits regarding (1) the child's material development from infancy to school-age; (2) family-system changes with potential legal ramifications (termination/adoption filing); and (3) sustained parental rehabilitation plausibly affecting the child's circumstances—e.g., feasibility and safety of reintroducing contact under structured conditions. That constellation readily meets "adequate cause" for a hearing under § 40-4-220, MCA, and the second inquiry is met.

¶18 For these reasons, the District Court abused its discretion in denying a hearing. We reverse that denial and remand for an evidentiary hearing under § 40-4-220(1), MCA, to determine whether amendment of the parenting plan is warranted under § 40-4-219(1), MCA. This approach accords with *In re L.R.,* which emphasizes the importance of evaluating non-frivolous, post-plan developments on a developed evidentiary record rather than on competing affidavits.

¶19 *2. Whether the District Court erred by not amending the parenting plan.*

¶20 Section 40-4-219(1), MCA, authorizes amendment upon post-plan facts showing a change in the child's circumstances and that amendment is necessary to serve the child's best interests. A district court's modification decision is reviewed for abuse of discretion, with underlying legal conclusions reviewed for correctness. *Patton,* ¶ 19. Because the District Court denied a hearing, it lacked a factual foundation on which to exercise its discretion under § 40-4-219(1), MCA.

¶21 On the present paper record, we cannot resolve the merits of Whitby's request to amend the parenting plan because the District Court refused to hold a hearing and therefore made no findings on the contested allegations. The principled, stare decisis-aligned course

10

is to remand for an evidentiary hearing and fresh best-interest findings under § 40-4-219(1), MCA. Consistent with *In re L.R.*, ¶¶ 12-13, the District Court may then consider whether, in light of the evidence presented, a plan structured with appropriate safeguards and, if warranted, a progression mechanism (e.g., therapeutic reunification, professionally supervised visits, conditions keyed to treatment, sobriety monitoring, and compliance benchmarks) support safe reintroduction of contact. If the court determines that risks persist, it should articulate specific findings tethered to the evidence explaining why continued restrictions are required, and explain, based on the evidence, whether continued restrictions remain necessary and why. Cazabal-Boe's reliance on authorities cautioning against routine modifications is least persuasive in a no-contact posture that lacks any built-in path responsive to a child's safety and development. Those cases do not preclude measured relief that protects safety and honors a child's interest in a legally recognized parent relationship where feasible.

¶22   For these reasons, the proper procedural move is to vacate the merits denial and remand for an evidentiary hearing and fresh best-interest findings under § 40-4-219(1), MCA, consistent with *In re L.R.*'s recognition that a parenting plan must remain responsive to a child's needs as established by evidence. This course respects the rule of law and fairness by ensuring the final decision rests on tested facts and tailored findings.

¶23   3. *Whether the Standing Master and the District Court erred in issuing an award of attorney fees.*

¶24   Attorney fee determinations under Title 40, Chapter 4, MCA, are reviewed for abuse of discretion. *Patton,* ¶ 26. Section 40-4-212(4)(b), MCA, provides a motion to amend a

final parenting plan pursuant to § 40-4-219, MCA, is vexatious if a parent seeks to amend a final parenting plan without making a good faith effort to comply with the provisions of the parenting plan or with dispute resolution provisions of the final parenting plan. Furthermore, § 40-4-219(5), MCA, provides that "Attorney fees and costs must be assessed against a party seeking frivolous or repeated amendment if the court finds that the amendment action is vexatious and constitutes harassment." While the court may guard against repetitious, merit-deficient filings, sanctions should be grounded in the statutory framework and supported by findings showing that the filing lacked adequate cause or was otherwise improper considering a § 40-4-220, MCA, hearing when the threshold is met.

¶25 Here, labeling Whitby's October 2, 2024 motion to amend the parenting plan as "vexatious" is inconsistent with the statutory framework and the record. More than five years had passed since Whitby's first attempt to amend the parenting plan on February 21, 2019. Whitby supported his 2024 motion by sworn allegations of rehabilitation and significant changes in A.M.B.-B.'s household.

¶26 Specifically, Whitby alleged that he had addressed the chemical dependency and anger management concerns that motivated the original plan, completed treatment and evaluations, maintained sobriety, engaged in counseling, secured stable housing and employment, avoided new law enforcement involvement, and experienced material changes in A.M.B.-B.'s household.[1] He asserted that these developments collectively constituted a change in circumstances warranting a hearing under § 40-4-220, MCA.

---

[1] Whitby alleged that Cazabal-Boe's separation from her spouse materially changed A.M.B.-B.'s household environment.

Nothing in the District Court's order indicates that he acted without a good faith effort to comply with the existing plan or its dispute resolution provisions, as § 40-4-212(4)(b), MCA, requires.

¶27 Moreover, the District Court made no finding that Whitby's 2024 motion was frivolous or repetitive within the meaning of § 40-4-219(5), MCA. To the contrary, the court denied even a threshold hearing despite a colorable showing under § 40-4-220, MCA, making the fee award unsupported by the statutory criteria. The statutory fee framework is designed to deter harassment, not to penalize a parent for invoking the procedures the Legislature has made available. On this record, the District Court exceeded the bounds of reason in affirming the Standing Master's designation of Whitby as a "vexatious" litigant. *See Patton*, ¶ 19.

¶28 For these reasons, the District Court abused its discretion in affirming the Standing Master's denial of a hearing, its award of attorney fees, and its designation of Whitby as a "vexatious" litigant.

## CONCLUSION

¶29 We reverse the order denying a hearing and remand for an evidentiary hearing under § 40-4-220(1), MCA. We vacate the merits denial of amendment and remand for fresh best-interest findings under § 40-4-219(1), MCA, to be made on a fully developed evidentiary record. Consistent with *In re L.R.*, ¶¶ 12-13, the District Court may consider on remand whether, in light of the evidence presented, a plan incorporating any appropriate safeguards supported by the evidence would serve the child's needs and safety. We also

13

reverse the attorney fees award.  On remand, reconsideration of all issues must rest on specific findings supported by the evidence.

/S/ KATHERINE M. BIDEGARAY

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE

14